UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONI CLAVILLE | CIVIL ACTION NO. 24-cv-1201 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WILLIS-KNIGHTON MEDICAL CENTER ET AL | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

Dr. Joni Claville ("Plaintiff"), represented by attorney Donald Hyatt, filed this civil action against Willis-Knighton Medical Center, Willis Knighton Medical Staff, Cross Lake Emergency Medical Group, LLC, and Schumacher Group of Louisiana, LLC to complain of employment discrimination. Willis-Knighton Medical Group and Willis Knighton Medical Staff filed a motion to dismiss, which the court granted, and Plaintiff appealed that ruling. The appeal was dismissed for want of jurisdiction (Doc. 30). After the appeal was dismissed, counsel for Plaintiff filed a motion to withdraw due to health issues. Counsel reported that he served Plaintiff with written notice of his intent to withdraw in August 2025.

The court issued an order (Doc. 32) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted her more than a month, until October 10, 2025, to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps prior to October 10, 2025 may result in Ms. Claville's case being dismissed, without further notice, for failure to prosecute."

The docket sheet indicates that a copy of the order was mailed to Plaintiff. On October 8, 2025, Plaintiff filed a motion for extension of time to obtain legal counsel. The court granted the motion and gave Plaintiff until November 10, 2025 to comply with the prior order. (Doc. 34).

The November 10, 2025 deadline has passed, but there has been no further action of record by Plaintiff or an attorney acting on her behalf. The court provided ample time for Plaintiff to secure new counsel or indicate her desire to proceed without counsel. Plaintiff has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of November, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge